IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Janine M. Adams, | ) | Civil Action No. 2:10-cv-1658-RMG-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| U.S. Airways, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

This matter comes before the Court on defendant's motion to dismiss plaintiff's

claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 29). Plaintiff

alleges disability discrimination under the Americans With Disabilities Act ("ADA"),

race discrimination under Title VII of the Civil Rights Act of 1964 (as amended) ("Title

VII") and 42 U.S.C. § 1981, and age discrimination under the Age Discrimination in

Employment Act ("ADEA"). This matter was referred to the United State Magistrate

Judge pursuant to  28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) D.S.C.

A Report and Recommendation (Dkt No. 40) was issued by Magistrate Judge Bruce

Hendricks on March 16, 2011. Plaintiff has objected to the R & R. This Court, after a *de*

*novo* review of the Record, adopts the Magistrate Judge's report as the Order of this

Court. Accordingly, plaintiff's claims are dismissed with prejudice.

### LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The

recommendation has no presumptive weight, and responsibility for making a final

determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96

S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

On February 9, 2009, plaintiff completed an Intake Questionnaire with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging that her employer and labor union discriminated against her while she was employed. (Dkt. No 29-2). On May 11, 2009, the EEOC sent a letter to the plaintiff stating that it could not process her complaint because it was filed after the statutory deadline. (Dkt. No. 29-3). On October 26, 2009, the plaintiff filed an EEOC Charge of Discrimination which stated that she: (1) filed Workers' Compensation claims in 2003 and 2005; (2) was denied light duty positions; (3) was accused of having an affair with a co-worker's husband and being on drugs; (4) had her health insurance cancelled; and (5) retired from her position with the defendant in April 2005. (Dkt. No 29-5). Plaintiff filed the Complaint for this matter on February 2, 2010 and amended it on August 26, 2010. However, based on the law of exhaustion in employment discrimination cases and the scope of the Charge of Discrimination the plaintiff filed with the EEOC, plaintiff's claims must be dismissed.

First, the plaintiff failed to exhaust the administrative remedies because she did not bring a timely charge of discrimination with the EEOC prior to filing suit for claims under Title VII, the ADA or the ADEA. *See* 42 U.S.C. § 2000e-5(e) (Title VII); 29 U.S.C. § 626(d)(1) (ADEA); 42 U.S.C. § 12117(a) (ADA); *Gilliam v. S.C. Dep't of*

2

*Juvenile Justice*, 474 F.3d 134, 139 (4th Cir. 2007) (Title VII); *Davis v. Virginia Commonwealth Univ.*, 180 F.3d 626, 628 n. 3 (4th Cir.1999) (ADA); *Fisher v. Securitas Sec. Serv. USA Inc.*, 2010 WL 568234, at *3 (D.S.C. Feb. 12, 2010) (Title VII and ADEA claims).   Title VII, the ADEA and the ADA set forth two time periods in which a discrimination charge must be filed with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1) (Title VII); 29 U.S.C. § 626(d)(1) (ADEA); 42 U.S.C. § 12117(a) (ADA).   A charge must be filed within 180 days of the alleged unlawful employment practice; or within 300 days of the alleged misconduct if the aggrieved party has filed an initial charge with a State or local agency that can provide relief for the complaint. *See* 42 U.S.C. §2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(B).   A plaintiff's failure to file a charge within the applicable limitations period bars a later lawsuit in federal court. *See McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994) ("When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court.").   It is well-settled law that if a charge is filed with a state agency that has agreed to serve as an agent for the EEOC, then a charge filed with the EEOC is "constructively filed" with the state agency either on the same day that the charge was filed with the EEOC or on the day the EEOC refers the complaint to the state agency. *Peterson v. State of Cal. Dept. of Corrections and Rehabilitation*, 319 Fed. Appx. 679, 680 (9th Cir. 2009) (quoting *EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 112-113, 125 (1988) (holding that the 300-day federal limitations period applied to a claim that the plaintiff filed only with the EEOC 290 days after the discriminatory act, and stating that "[t]he EEOC's referral of a charge initially filed with the EEOC to the appropriate state or local agency properly institutes the agency's proceedings within the meaning of the Act").

3

*Chacko*, 429 F.3d 505, 509. Here, the plaintiff has made no reasonable indication that her resignation was related to any discriminatory act and has sworn in her Charge that the last date on which discrimination allegedly occurred was April 1, 2008. (Dkt. No. 29-5). The other allegations are distinct in time and nature and therefore cannot be considered related to a possible wrongful termination claim. This Court does not see any remaining claims for which relief can be provided and thus dismisses plaintiff's case. This Court need not consider the other possible grounds for dismissal submitted by the defendant.

## CONCLUSION

As noted above, this Court adopts the Magistrate Judge's Report and Recommendation. Defendants' motion to dismiss plaintiff's claims is **GRANTED** with prejudice.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

April 5, 2011
Charleston, South Carolina